# Exhibit D



Evynn M. Overton<br>
201 North Charles Street<br>
Suite 2210<br>
Baltimore, MD 21201-4150<br>
Direct:(410) 230-1335<br>
Fax:(410) 230-1389<br>
eoverton@bdlaw.com

September 30, 2014

**VIA ELECTRONIC AND CERTIFIED U.S. MAIL**

Deborah Weedman
Corporate Counsel
Apex Oil Company, Inc.
8235 Forsyth Blvd., Ste. 400
St. Louis, Missouri 63105
dweedman@weedmanlaw.com

      Re:    Federal Statutory Notice re 12-inch Apex Pipeline servicing PF&T Terminals located at 5101 Erdman Avenue and 1622 South Clinton Street Baltimore, Maryland

Ms. Weedman:

Chevron U.S.A., Inc. ("Chevron") hereby provides notice to Petroleum Fuel & Terminal Company ("PF&T", a subsidiary of Apex Oil Company, Inc., collectively, "Apex") pursuant to statutory notification requirements in advance of filing claims under Oil Pollution Act of 1990 ("OPA 90"), the Federal Pipeline Safety Statute, and the Resource Conservation and Recovery Act ("RCRA").

On July 8, 2014, Chevron sent a letter to Apex requesting documents and a meeting regarding the impact of petroleum releases from Apex's 12-inch pipeline running from the terminal at 5101 Erdman Avenue to the terminal at 1622 South Clinton Street in Baltimore, Maryland (the "Pipeline"). *Attachment A.* The releases in the vicinity of Holabird Avenue near Clinton Street ("Pipeline Releases") have impacted soils and groundwater at and adjacent to the site at 1201 South Clinton Street (the "Site"), near the Patapsco River. The letter was sent pursuant to Section 12.10 of the September 1, 1994 Agreement for the Purchase and Sale of Assets entered between PF&T and Chevron ("1994 Agreement"), pursuant to which Chevron is entitled to documents from Apex. Apex has not responded to Chevron's request.

September 30, 2014
Page 2

With respect to the above described facts, the Pipeline Releases, including, but not limited to the releases in or about February 2012, related violations, and the ongoing continuing release of un-remediated petroleum, this letter provides Apex with notice of the following:

- Chevron is hereby providing ninety (90) day notice to Apex pursuant to 33 U.S.C. § 2713 of Chevron's claims for past, present, and ongoing removal costs and damages and contribution toward removal costs and damages, amount to be determined at trial, for violation of OPA 90 Section 2702, due to Chevron's responses to Apex's Pipeline Releases, that have impacted the adjoining shorelines and navigable waters of the Patapsco River/Baltimore Harbor.

- Chevron is hereby providing sixty (60) day notice to Apex pursuant to 49 U.S.C. § 60121(a)(1)(A) of Apex's violation of the Pipeline Safety Statute and Pipeline Releases that have impacted soils and groundwater at and adjacent to the Site due to Apex's failure to comply with the Pipeline Safety Statute Sections 60117 (administrative requirements) and 60108 (inspection and maintenance requirements), among others, and its related regulations. In accordance with this provision, Chevron hereby provides notice to the Maryland Public Service Commission by copy of this letter.

- Chevron is hereby providing:

    o ninety (90) day notice to Apex pursuant to 42 U.S.C. § 6972(b)(2) of Apex contributing to the past and/or present handling, storage, or disposal of a solid or hazardous waste which may present an imminent and substantial endangerment to health or the environment, and the potential for injunctive relief, attorneys' fees, expert witness fees, and costs; and

    o sixty (60) day notice to Apex pursuant to 42 U.S.C. § 6972(b)(1) of violation of RCRA as described below in connection with failing to identify and properly manage and dispose of hazardous waste that it generated when it released petroleum from its pipeline and the potential for injunctive relief, attorneys' fees, expert witness fees, and costs. The violations of RCRA referenced above include generating solid waste and hazardous waste as those terms are defined in 40 C.F.R. § 261; Md. Code Ann., Envir., § 7-201; COMAR § 26.13.01.03B, COMAR § 26.13.02.02 and COMAR 26.13.02.03, failing to determine whether the waste was hazardous in violation of 40 C.F.R. § 262.11 and COMAR § 26.13.03.02, failing to contain and manage the hazardous waste in conformance with the generator requirements of RCRA in violation of 40 C.F.R. § 262, and COMAR § 26.13.03.02, and disposing of hazardous waste without a permit and in an unlawful location in violation of 40 C.F.R. § 6925(a), Md. Code Ann., Envir., § 7-224, and COMAR § 26.13.05. In accordance with this provision and the

BEVERIDGE & DIAMOND PC

September 30, 2014
Page 3

        regulations under 40 C.F.R. § 254.2, Chevron hereby provides notice to the EPA Administrator, EPA Region 3 Administrator, chief administrative officer of the solid waste management agency of the Maryland Department of the Environment, and the Maryland registered agent for Apex and PF&T by copy of this letter.

Chevron reiterates its July 8 request for documents pursuant to the terms of the 1994 Agreement, and remains open to meeting with Apex to discuss the results of Chevron's technical Site evaluation and equitable division of remediation costs. Please contact me as soon as possible to discuss.

The foregoing is not intended to be a complete recitation of all applicable law and/or facts, and shall not be deemed to constitute a waiver or relinquishment of Chevron's rights or remedies, whether legal or equitable, all of which are hereby expressly reserved, including Chevron's right to all available remedies against Apex, and including but not limited to the recovery of costs and attorneys' fees.

                                                  Sincerely,

                                                  Evynn M. Overton

cc:

        Oil Control Program  (via U.S. Mail)
        Maryland Department of the Environment
        1800 Washington Blvd.
        Baltimore, MD 21230

        David Collins, Executive Secretary (via U.S. Mail)
        Maryland Public Service Commission
        William Donald Schaefer Tower
        6 St. Paul St., 16th Floor
        Baltimore, MD 21202

        Office of the Attorney General (via U.S. Mail)
        U.S. Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530-0001

Environmental Protection Agency
Office of the Administrator 1101A
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Environmental Protection Agency (via U.S. Mail)
Region 3 Administrator
1650 Arch Street
Philadelphia, PA 19103-2029

Ed Dexter, Program Administrator (via U.S. Mail)
Solid Waste Program
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, MD 21230-1718

The Corporation Trust Incorporated (via U.S. Mail)
Maryland registered agent for Apex Oil Company, Inc. and Petroleum Fuel & Terminal Company
351 West Camden Street
Baltimore, MD 21201-7912

# ATTACHMENT A



Evynn M. Overton
201 North Charles Street
Suite 2210
Baltimore, MD 21201-4150
Direct:(410) 230-1335
Fax:(410) 230-1389
eoverton@bdlaw.com

July 8, 2014

**VIA ELECTRONIC AND U.S. MAIL**

Mary Hockle
Apex Oil Company, Inc.
8235 Forsyth Blvd.
Ste. 400
St. Louis, Missouri 63105
mhockle@apexoil.com

RE:   Request for Information and Meeting:
      Releases from 12-inch Apex Pipeline servicing
      PF&T Terminals located at 5101 Erdman Avenue and 1622 South Clinton Street
      Baltimore, Maryland

Ms. Hockle:

I write on behalf of Chevron U.S.A. Inc. ("Chevron") regarding the impact of recent releases from Petroleum Fuel & Terminal Company's ("PF&T's") 12-inch pipeline running from the PF&T terminal at 5101 Erdman Avenue to the terminal at 1622 South Clinton Street in Baltimore, Maryland (the "Pipeline"). The releases have impacted soils and groundwater at and adjacent to the site at 2021 South Clinton Street (the "Site"), where the Pipeline runs along Holabird Avenue, near Baltimore's Inner Harbor.

Chevron sold the Pipeline to PF&T, a subsidiary of Apex Oil Company, Inc. (collectively, "Apex") under the terms of an Agreement for the Purchase and Sale of Assets executed on September 1, 1994 ("1994 Agreement"). Since then and as part of the 1994 Agreement, Chevron has been working to delineate and remediate historic contamination at the Site under the Maryland Department of the Environment ("MDE") Oil Control Program. In the course of that remediation work, Chevron has determined that there has been increasing product thickness and migration, most likely attributable to recent releases from PF&T's Pipeline, to which Chevron has been responding. As a result, Chevron has accrued and continues to accrue remediation costs necessary to prevent discharge of petroleum to the Inner Harbor, assess the contamination at issue, and prevent harm to public health and the environment.

## Appendix

(1) Any and all documents relating the location, condition, maintenance, monitoring, and repairs of the Pipeline and Pipeline facilities, including but not limited to any and all information on corrosion and corrosion control of the Pipeline;

(2) Any and all information relating to sampling and/or testing of the Pipeline integrity, including pressure testing, gas testing, or any other test used to determine the condition of the Pipeline, including but not limited to the identification of any anomalies or other irregularities in the Pipeline;

(3) Any and all records pertaining to the contents of the Pipeline, and Pipeline inventory monitoring, reconciliation, and losses;

(4) Any and all information relating to environmental sampling conducted near the Pipeline, including but not limited to any data collected and reports generated;

(5) Any and all information relating to site visits, inspections, investigations, allegations of environmental non-compliance, allegations of Pipeline hazards, hazardous facility notices, notices of probable violations, violations, injunctive relief, judicial review, actions brought by private parties, enforcement actions, orders, waivers, and/or penalties (civil or criminal) related to the Pipeline;

(6) Any and all accident and safety conditions reports regarding the Pipeline;

(7) Any and all information reported by Apex to the Pipeline and Hazardous Materials Safety Administration ("PHMSA") in connection with the Pipeline, and any and all information requested by PHMSA related to the Pipeline and provided by Apex in return;

(8) Any and all information reported by Apex to the Pipeline Safety Commission ("PSC") in connection with the Pipeline, and any and all information requested by PSC related to the Pipeline and provided by Apex in return; and

(9) Any and all internal documentation relating to Apex's decision to abandon the Pipeline.



Apex Pipeline
Holabird Avenue, Baltimore
Case No. 2012-0449-BC

Photo # 4



- Photographer: Ellen Jackson
- Date: February 29, 2012
- Description: View of anomaly and split